UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIC DAVID KELLER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 16-cv-2467-JTM-TJJ |
| ) | |
| RICK STEVENS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Eric David Keller proceeding *pro se* filed this action against Rick Stevens, alleging slander, defamation, and harassment stemming from contact Defendant allegedly had with Plaintiff's friends and family members.[1] This matter comes before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 3). Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor." When the person seeking to proceed in forma pauperis is a prisoner, he must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint."[2]  This additional submission allows the court to assess partial filing fees based on the balance in, and average monthly deposits into, the prisoner's account as required by 28 U.S.C. § 1915(b)(1).  Plaintiff, who is a prisoner in the Douglas

---

[1] Compl. at 3-5 (ECF No. 1).

[2] 28 U.S.C. § 1915(a)(2).

County Jail,[3] has not submitted a copy of his trust fund account statement or equivalent document.  Accordingly, the undersigned Magistrate Judge recommends that the presiding U.S. District Judge, Chief Judge J. Thomas Marten, deny Plaintiff's motion for leave to proceed in forma pauperis.

In addition, when a party seeks to proceed without the prepayment of fees, § 1915 requires the court to screen the party's complaint. The court must dismiss the case if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[4]  Because Plaintiff proceeds pro se, his pleadings are liberally

---

[3] Although Plaintiff does not reveal the fact of his incarceration in the complaint or in the instant motion, the envelope containing those documents indicates that his address is the Douglas County Jail.  *See* ECF No. 1-1.  In addition, the Court is familiar with Mr. Keller from the multiple cases filed in this district in which he is the named Plaintiff.  *See* Case No. 16-cv-2117, *Keller v. U.S. Cellular*; Case No. 16-cv-2143, *Keller v. T-Mobile*; Case No. 16-cv-2243, *Keller v. AT&T Inc.*; Case No. 16-cv-3007, *Keller v. Fletcher*; and Case No. 16-cv-2473, *Keller v. Fairchild et al.*

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

construed.[5] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[6]

Here, Plaintiff alleges that Defendant Stevens, who is a Coos County, Oregon Sheriff's deputy, told people to stay away from Plaintiff because he is nothing but a criminal. Plaintiff alleges that he lost friendships and a house and suffered other injuries as a result of Defendants Stevens's words, which he characterizes as harassment, slander, and defamation. It appears that this alleged conduct took place in Coos County, Oregon. Plaintiff claims federal court jurisdiction under 28 U.S.C. § 1343 for violation of his civil rights, privileges, or immunities.

The undersigned concludes that there is an insufficient factual basis in the Complaint to raise a right to relief above the speculative level. In addition, the Complaint reveals no facts which would support the District of Kansas having jurisdiction over Defendant. By failing to adequately plead, Plaintiff has failed to state a claim upon which relief may be granted as to his claims against Defendant Stevens.

Accordingly, the undersigned U.S. Magistrate Judge recommends that Plaintiff's motion to proceed *in forma pauperis* be **DENIED**, and that Chief Judge Marten **DISMISS** this action.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition. If plaintiff does not timely file his objections, no court will allow appellate review.

---

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Id.*

A copy of this report and recommendation shall be mailed to plaintiff by certified mail.

IT IS SO ORDERED.

Dated July 5, 2016, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge
